**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 25-4295**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL FRANK HEGGINS, agent of Tebnu El-Bey, a/k/a Daniel Heggins,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth K. Dillon, Chief District Judge.  (7:23-cr-00042-EKD-CKM-2)

—————————

Submitted:  February 2, 2026                              Decided:  February 4, 2026

—————————

Before NIEMEYER, WYNN, and THACKER, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  Robert N. Tracci, Acting United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Daniel Frank Heggins guilty of aiding and abetting wire fraud (Count 2), in violation of 18 U.S.C. § 1343. The district court sentenced Heggins to 24 months' imprisonment followed by 3 years' supervised release. The court also held Heggins jointly and severally liable for $6,029 in restitution to Homestead Settlement Services ("Homestead"). Heggins appeals, arguing that: (1) the district court erred in denying his motion for judgment of acquittal; and (2) the district court erred in ordering Heggins to pay restitution to Homestead. We affirm.

Heggins first challenges the district court's denial of his motion for judgment of acquittal. Heggins argues that the district court erred in denying his motion for two reasons: (1) the district court erred in determining that the jurors could properly consider conduct beyond the singular false statement that Heggins made purporting to be a trust officer, as referenced in Jury Instruction 21, when deliberating on Count 2; and (2) even if not, none of the false statements he made affirmatively furthered the wire fraud.

We "review a denial of a motion for acquittal de novo." *United States v. Freitekh*, 114 F.4th 292, 308 (4th Cir. 2024). Nevertheless, "a defendant who challenges the sufficiency of the evidence bears a heavy burden," and this court must affirm "[i]f there is substantial evidence to support the verdict, after viewing all of the evidence and the inferences therefrom in the light most favorable to the Government." *Id.* (citation modified). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Henderson*, 107 F.4th 287, 292 (4th Cir.) (citation

2

modified), *cert. denied*, 145 S. Ct. 578 (2024).  Thus, "if any trier of fact could have found that the evidence—either direct, circumstantial or a combination of both—along with any reasonable inferences established the essential elements of the crime beyond a reasonable doubt," this court must affirm the jury's verdict.  *United States v. Rafiekian*, 991 F.3d 529, 547 (4th Cir. 2021) (citation modified).  "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear."  *Freitekh*, 114 F.4th at 308 (citation modified).

We conclude that sufficient evidence existed for the jury to find that Heggins aided and abetted the wire fraud.  Heggins has not met his heavy burden to establish that no reasonable trier of fact could have found that the evidence established the elements of the crime.  While there was witness testimony that cast doubt upon the prosecution's assertions that the phone call in question was, in some way, pivotal to the wire fraud, there was also other evidence, combined with reasonable inferences, suggesting the phone call reasonably furthered the wire fraud.  Thus, upon review of the record, we conclude that substantial evidence supports Heggins's conviction.

Heggins also challenges the district court's determination that Homestead is a victim under the Mandatory Victims Restitution Act ("MVRA") and holding Heggins jointly and severally liable for restitution to Homestead.  Heggins argues that the district court erred by relying on "relevant conduct" to determine that Homestead was a victim under the MVRA.  Relevant conduct aside, Heggins also reiterates the objection he raised below that Homestead, the settlement services company, was not directly harmed by his actions in the course of the wire fraud scheme, thus the court erred in its conclusion that Homestead was

3

a proper victim in regard to Heggins's conduct. Heggins asserts that the only relevant acts are the false statements that he made to the realtor on the phone on March 27, 2023. Arguing that those false statements did not directly and proximately cause Homestead to suffer any pecuniary loss, Heggins emphasizes the testimony of the Government's witnesses who stated that they did not rely on Heggins's statements in order to proceed with the real estate purchase.

"In the context of sentencing, we review the district court's legal determinations *de novo*, and its factual findings for clear error." *United States v. Moore*, 666 F.3d 313, 320 (4th Cir. 2012). The MVRA provides for mandatory restitution in cases "in which an identifiable victim or victims ha[ve] suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B). Relevant here, the MVRA defines the term "victim" as "a person directly and proximately harmed as a result of the commission of an offense." 18 U.S.C. § 3663A(a)(2). In cases that involve a scheme or conspiracy, a victim includes "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.*

Although the district court used the term "relevant conduct," when we consider the court's explanation in context of the full hearing, we conclude the court did not err in finding that Heggins directly and proximately harmed Homestead. The court correctly determined that Heggins's conduct went directly toward the specific offense of aiding and abetting wire fraud, and Homestead suffered pecuniary harm as a result.

4

Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*